UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MEL BRAVERMAN
and CONOR BRAVERMAN,

        Plaintiffs,

                                    Case No. 23-cv-412-pp

   v.

CST WORLDWIDE
and EMERGENCY FIRE AND WATER RESTORATION,

        Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND ENLARGE TIME FOR SERVICE (DKT. NO. 5)

On March 29, 2023, the plaintiffs filed a complaint against defendants CST Worldwide and Emergency Fire and Water Restoration ("EFWR"). Dkt. No. 1. Seventy-one days later, on June 8, 2023, the plaintiffs filed this motion to amend complaint and enlarge time for service. Dkt. No. 5. Along with the motion, the plaintiffs filed a declaration from their attorney. Dkt. No. 6 The declaration explained that the plaintiffs' "process server reported back that defendant EFWR was no longer located at the address [they] had, but that it was at a new location and operating under a different name." Id. at 1. The declaration expressed confusion about whether EFWR was part of a company called "First Onsite" or if EFWR had been sold to First Onsite. Id. The plaintiffs asked to add First Onsite as a defendant, so they can attempt to serve both First Onsite and EFWR. Id.

1

Counsel's declaration also stated that the plaintiffs had yet to serve defendant CST Worldwide or EFWR. Id. at 2. Regarding EFWR, the plaintiffs indicated that they "did not want to serve EFWR with a complaint that did not name First Onsite." Id. As for CST Worldwide, the plaintiffs explained that they "had contacted a process server to serve CST Worldwide" but later had "learned that the company said it had not received the documents in the mail." Id. The plaintiffs relayed they "will have to make new arrangements to serve CST Worldwide as well." Id.

"Applicable authorities provide that plaintiffs enjoy leave to amend once as a matter of course before service of the complaint, and liberally thereafter 'when justice so requires . . . .'" Stoller v. Walworth County, 770 F. App'x 762, 764 (7th Cir. 2019) (citing Fed. R. Civ. P. 15(a); Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1024 (7th Cir. 2013)). Under Federal Rule of Civil Procedure 4(m), a plaintiff has ninety days after filing the complaint to serve a defendant. "[I]f the plaintiff shows good cause for the failure [to serve a defendant within the allotted time], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The plaintiffs filed their motion prior to the expiration of the ninety-day service period mandated by Rule 4(m). The court will grant the plaintiffs' motion to enlarge time for service. Because the plaintiffs have not yet served the defendants and because this is their first effort to amend the complaint, they do not need the court's leave to amend. But even though it is not

2

necessary, the court will grant the plaintiffs' motion to amend the complaint.

See Stoller, 770 F. App'x at 764.

The court **GRANTS** the plaintiffs' motion to amend the complaint. Dkt. No. 5.

The court **GRANTS** the plaintiffs' motion to enlarge time for service. Dkt. No. 5. The court **ORDERS** that the plaintiffs have sixty (60) days from the date of this order to serve the amended complaint on the defendants.

Dated in Milwaukee, Wisconsin this 16th day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3