UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MEL BRAVERMAN
and CONOR BRAVERMAN,

          Plaintiffs,

    v.

                        Case No. 23-cv-412-pp

CST WORLDWIDE,
EMERGENCY FIRE AND WATER RESTORATION
and FIRST ONSITE PROPERTY RESTORATION

          Defendants.

---

**ORDER GRANTING DEFENDANT CST WORLDWIDE'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 41)**

---

On March 29, 2023, the plaintiffs filed a complaint alleging that Emergency Fire and Water Restoration, LLC (EFWR) breached a contract into which it had entered with plaintiff Conor Braverman by failing to perform satisfactory work on Braverman's residence. Dkt. No. 1. The plaintiffs also allege that defendant CST Worldwide (CST) violated the Fair Debt Collection Practices Act (FDCPA) in its attempts to collect payments the plaintiffs withheld from EFWR due to EFWR's alleged breach. Id. CST moved for partial summary judgment, seeking dismissal of "all claims arising from conduct occurring prior to March 29, 2022." Dkt. No. 41-1 at 1. The plaintiffs do not contest the motion. Dkt. No. 43. The court will grant the defendant's motion for partial summary judgment.

1

## I. Background

The amended complaint alleges that on February 18, 2021, plaintiff Conor Braverman's house and possessions were damaged in a house fire. Dkt. No. 10 at ¶8. That same day, Conor Braverman signed two contracts with EFWR for various services related to cleaning and restoring his house. Id. The plaintiffs allege that over the first few months of EFWR's work, the plaintiffs "noticed serious problems with the work, including a lack of quality workmanship and a lack of work being done that had been contracted for." Id. at ¶¶14–19. The plaintiffs state that they expressed several objections to EFWR about the quality of its work. Id. at ¶¶16, 18. They allege that despite their "protests and complaints," EFWR issued two invoices to Conor Braverman: the first in July 2021 and the second in September 2021. Id. at ¶21. Conor Braverman refused to pay either invoice. Id. at ¶24.

The plaintiffs allege that since September 2021, they have been contacted repeatedly by CST, a collection agency purporting to work on behalf of EFWR. Id. at ¶27. The parties do not dispute that CST reached the plaintiffs once by phone sometime between March 1, 2022 and March 18, 2022 and made a demand for payment on a debt owed to EFWR. Dkt. No. 41-3 at ¶4. CST then contacted Mel Braverman by email on March 18, 2022. Dkt. Nos. 41-3 at ¶5; 41-2 at 4–5. CST sent additional emails to Mel Braverman on April 5, August 22, September 19 and October 25 of 2022, to which the plaintiffs did not respond. Dkt. Nos. 41-3 at ¶6; 41-2 at 6–9. The plaintiffs allege that these collection attempts violated the FDCPA. Dkt. No. 10 at ¶¶29–40. The plaintiffs

2

brought three causes of action: (1) breach of contract against EFWR, (2) violation of Wis. Stat. §100.20 against EFWR and (3) violation of the FDCPA against CST. Id. at ¶¶41–53.

On March 29, 2023, the plaintiffs filed the original complaint against EFWR and CST. Dkt. No. 1. On June 8, 2023, the plaintiffs filed a motion to enlarge time for service and to amend the complaint, seeking to add First Onsite Property Restoration as a defendant in the first and second causes of action. Dkt. No. 5. The court granted the motion. Dkt. No. 8.

After the defendants appeared and answered the amended complaint, EFWR and First Onsite filed a motion to stay proceedings and compel arbitration. Dkt. No. 25. At a hearing on July 1, 2024, the court issued an oral ruling granting EFWR's motion to stay and compel arbitration as to the claims against EFWR and First Onsite. Dkt. No. 38 at 2. The court severed the plaintiffs' FDCPA claim against CST from the other claims in the complaint and did not stay the proceedings as to that claim. Id.

On June 15, 2025, CST filed the instant motion for partial summary judgment, arguing that the court should dismiss as time-barred all claims arising from conduct occurring prior to March 29, 2022. Dkt. No. 41. The plaintiffs filed a letter informing the court that they do not oppose the motion and asking the court to calendar a scheduling conference for the purpose of setting a jury trial date. Dkt. No. 43.

3

## II.    Summary Judgment Standard

The plaintiff's decision not to oppose the partial summary judgment motion is not a sufficient ground, standing alone, for the court to grant the motion. See Robinson v. Waterman, 1 F.4th 480, 483 (7th Cir. 2021). Even when a summary judgment motion is unopposed, the court must determine "that summary judgment [is] proper given the undisputed facts." Id. (quoting Yancick v. Hanna Steel Corp., 653 F.3d 532, 543 (7th Cir. 2011)).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). "Material facts" are those that, under the applicable substantive law, "might affect the outcome of the suit." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A moving party "is 'entitled to a judgment as a matter of law'" when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Still,

> a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Id. (internal quotation marks omitted).

4

To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. See Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003) (citing Liberty Lobby, 477 U.S. at 255). "However, [the court's] favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." Fitzgerald v. Santoro, 707 F.3d 725, 730 (7th Cir. 2013) (quoting Harper v. C.R. Eng., Inc., 687 F.3d 297, 306 (7th Cir. 2012)). That is, "to survive summary judgment, the non-moving party must establish some genuine issue for trial 'such that a reasonable jury could return a verdict' in her favor." Fitzgerald, 707 F.3d at 730 (quoting Makowski v. SmithAmundsen LLC, 662 F.3d 818, 822 (7th Cir. 2011)).

## III.    Motion for Summary Judgment

CST Worldwide has moved for partial summary judgment, arguing that all claims arising from conduct occurring prior to March 29, 2022 are barred by the FDCPA's one-year statute of limitations. Dkt. No. 41-1 at 1. The defendant argues that "the statute of limitations for bringing a private civil action under the FDCPA begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." Id. at 3 (quoting Rotkiske v. Klemm, 589 U.S. 8, 8 (2019)). The defendant states that the plaintiffs filed this case on March 29, 2023, so under Rotkiske, any alleged violations occurring more than one year before that date are time-barred as a matter of law. Id. at 5. The defendants argue that the March 2022 telephone

call and the March 18, 2022 email referred to in the complaint both occurred more than one year before the plaintiffs filed the complaint and so cannot form the basis of a FDCPA violation. Id. It asserts that the plaintiffs have not pled any facts supporting an equitable exception to the statute of limitations. Id. The defendant asks the court to grant partial summary judgment dismissing all claims arising from conduct occurring prior to March 29, 2022. Id. at 6.

The plaintiffs respond that they do not contest the defendant's motion. Dkt. No. 43 at 1. The plaintiffs state that at trial, they "may still seek to introduce evidence of those violations if they are relevant to other issues, subject to appropriate limiting instructions." Id. The defendant did not file a reply.

"An action under the FDCPA may be brought 'within one year from the date on which the violation occurs.'" Rotkiske, 589 U.S. at 9–10 (quoting 15 U.S.C. §1692k(d)). The Supreme Court held in Rotkiske that "absent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." Id. at 10. The plaintiffs filed this case on March 29, 2023, so any FDCPA violations occurring more than one year prior to that date are time-barred. The March 18, 2022 email and the March 2022 phone call that preceded that email both occurred prior to the one-year limitation period. Any claims arising from that call or email are time-barred. Although equitable doctrines might form an exception to the one-year limitation period, see Rotkiske, 589 U.S. at 15, the plaintiff has not asserted

6

any equitable defenses. The court will grant the defendant's motion for partial summary judgment and dismiss all claims arising from conduct that occurred prior to March 29, 2022.

The court will not rule on the admissibility of any evidence of conduct occurring prior to March 29, 2022. That issue is both premature and hypothetical given that the plaintiffs state only that they "may" seek to introduce this evidence at trial. If necessary, the parties may address this issue in pretrial motions.

## IV.    Conclusion

The court **GRANTS** defendant CST Worldwide's motion for partial summary judgment. Dkt. No. 41.

The court **ORDERS** that all FDCPA claims arising from conduct that occurred prior to March 29, 2022 are **DISMISSED**.

The court **ORDERS** that the parties must appear for a telephonic scheduling conference on **September 23, 2025 at 3:30 PM (Central Time)** to discuss possible trial dates. The parties must appear by calling the court's conference line at 551-285-1373 and entering Meeting ID 161 4901 8989 and Passcode 190021 when prompted.

Dated in Milwaukee, Wisconsin this 19th day of August, 2025.

BY THE COURT:

_____

HON. PAMELA PEPPER
Chief United States District Judge

7